IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODNEY WILLIAM PITTS, #271608<br>Petitioner,<br>v.<br><br>FRANK B. BISHOP, JR., *et al.*<br>Respondents. | *<br><br>*<br><br>*<br><br>***** | CIVIL ACTION NO. JFM-16-1493 |



MEMORANDUM

Petitioner Rodney William Pitts ("Pitts") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking his 1998 convictions in the Circuit Court for Baltimore City. ECF No. 1. Respondents' limited answer to the petition[1] and Pitts' reply remain pending. ECF Nos. 6 & 7. After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow the petition shall be dismissed as time-barred.

**Background and Procedural History**

In October of 1997, a jury in the Circuit Court for Baltimore City found Pitts guilty of first-degree murder of a victim, second-degree murder of another victim, and two counts of carrying a dangerous weapon openly with intent to injure. ECF Nos. 6-1 & 6-2. In February of 1998, Pitts was sentenced to life imprisonment without the possibility of parole plus thirty years. *Id.* On December 7, 1998, the Court of Special Appeals of Maryland vacated one of Pitts'

---

[1] On July 11, 2016, respondents filed a motion for extension of time, seeking an additional two week enlargement of time to file their response. ECF No. 5. The motion shall be granted *nunc pro tunc*.

sentences for carrying a dangerous weapon openly with intent to injure, but otherwise affirmed Pitts' judgment of conviction. ECF No. 6-2. On March 12, 1999, the Court of Appeals of Maryland denied further review. Pitts did not seek further review in the Supreme Court. Therefore, his judgment of conviction became final on or about June 10, 1999, when the 90-day period for filing a petition for writ of certiorari with the Supreme Court expired. *See* Supreme Court Rule 13.1 (requiring petition for writ of certiorari to be filed within ninety days of date of judgment from which review is sought); *Clay v. United States,* 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

Respondents observe that on June 30, 1999, Pitts filed a petition for post-conviction relief in the circuit court, which was withdrawn without prejudice on December 17, 1999. ECF No. 6-1. On June 25, 2007, Pitts filed another petition for post-conviction relief, which was denied by the circuit court on March 8, 2012. His application for leave to appeal was denied by the Court of Special Appeals of Maryland on July 31, 2013. The mandate was issued on August 30, 2013. ECF No. 6-3. On October 15, 2013, Pitts filed a petition for a writ of actual innocence. The petition was withdrawn without prejudice on April 6, 2015. ECF No. 6-1. Pitts' 28 U.S.C. § 2254 petition was received for filing on May 18, 2016.[2]

---

[2] The Maryland Division of Correction does not date stamp outgoing prisoner mail "received by prison mailroom." The petition is dated April 30, 2016, and shall be deemed filed as of that date. *See Houston v. Lack,* 487 U.S. 266, 270-76 (1988); *United States v. McNeill,* 523 Fed. Appx. 979, 983 (4th Cir. 2013; *United States v. Dorsey,* 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

2

**Statute of Limitations**

Pursuant to Antiterrorism and Effective Death Penalty Act ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. §2244(d).[3] Pitts' conviction became final for purposes of direct appeal on June 10, 1999. He filed a post-conviction petition twenty days later on June 30, 1999. Thus the one-year statute of limitations period was tolled under 28 U.S.C. § 2244(d)(2) until December 17, 1999, when Pitts withdrew the petition. As Pitts subsequently had no properly filed collateral review petition pending until

---

[3] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

June 25, 2007, when he filed another post-conviction petition, the one-year statutory limitation period ran unchecked from December 18, 1999 to June 24, 2007. Moreover, from August 31, 2013 to the April 30, 2016 filing date of the federal petition, another thirty-two months passed without Pitts submitting any collateral review filings. This petition was plainly filed outside the statutory one-year statute of limitations period.

In his reply, Pitts argues that he is entitled to have his claims heard under the equitable tolling and miscarriage of justice exceptions. ECF No. 7. He claims that his habeas corpus petition "provides the court with reliable overwhelming evidence of his innocence that exonerates him from the double murders along with a trustworthy eyewitness account that identified someone else as being the perpetrator of the crime [for] which he incarcerated." *Id.*

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi,* 131 S.Ct. 1278, 1283 (2011). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims. Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005). Pitts has plainly failed to show that he pursued his rights diligently and he does not provide a rare and exceptional circumstance for tolling the limitation period.

Further, in *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. *Id.* at 1934. "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." *Crawford v. Head,* 311 F.3d 1288, 1327 (11th Cir. 2002) (quoting *Isaacs v. Head,* 300 F.3d 1232, 1255 (11th Cir. 2002)). "[T]enable actual-innocence gateway claims are rare." *McQuiggin,* 133 S.Ct. at 1928. The petitioner must satisfy the *Schlup* standard, *McQuiggin,* 133 S.Ct. at 1928 (*citing Schlup v. Delo,* 513 U.S. 298 (1995)), by demonstrating that constitutional error "probably resulted" in the conviction of one who is actually innocent. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.,* 513 U.S. at 315–17. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.,* 513 U.S. at 329. "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.,* 513 U.S. at 329 (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"); *see also House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Pitts has not made the requisite showing under *McQuiggin* and *Schlup* to warrant application of the miscarriage of justice exception to the statute of limitations bar. As correctly noted by respondents, he is relying on a statement of an alleged witness who was known to the defense at trial. He did not advance his claim within a reasonable time of its availability and thus is not entitled to equitable tolling. His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.[4]

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Pitts does not satisfy this standard, and the court declines to issue a certificate of appealability.

Date: October 12, 2016

J. Frederick Motz
United States District Judge

---

[4] Pitts has filed a motion for an evidentiary hearing. ECF No. 2. In light of the limited review and ruling of the court, I find there is no need to hold an evidentiary hearing under Rule 8 of the Rules Governing Section 2254 cases. The motion shall be denied.